IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 03-cv-2420-RPM

SHARI McCARLEY,
REX ALLEN McCARLEY and
JUDY ARBGAST for and on behalf of JESSICA McCARLEY, a minor, individually and
as heirs of REX McCARLEY, deceased,

        Plaintiffs,

v.

AEC OIL & GAS (USA), INC., d/b/a BALLARD PETROLEUM HOLDINGS, LLC,
KEY ENERGY SERVICES, INC., and
WEATHERFORD HOLDING U.S., INC., d/b/a WEATHERFORD U.S. LIMITED
PARTNERSHIP,

        Defendants.

---

## ORDER ON PENDING MOTIONS

---

        This is a wrongful death action brought by the heirs of Rex McCarley.  The plaintiffs filed this lawsuit in the United States District Court for the District of Utah and the case was transferred to this court based on *forum non conveniens* upon motion to transfer filed by the defendants.  Jurisdiction is based on diversity.  The parties filed cross motions for partial summary judgment on the issue of which state's law applies in this case, Colorado or Utah.  The defendant AEC Oil & Gas (USA), Inc. moved for summary judgment of dismissal on the basis that, under Colorado law, it was Mr. McCarley's statutory employer at the time of his death.  Based on the papers filed in this case there is some evidentiary support for the following statement of facts.

        Mr. McCarley resided and was employed by Baker Oil Tools ("Baker Oil") in Utah.  On

September 13 or 14, 2001, Terry Dick, a consultant for Ballard Petroleum, called Anthony Jenne

of Baker Oil for a packer tool to isolate a water zone in a deviated well and related services.  The

well was owned and operated by Ballard Petroleum and located at Mamm Creek Field near Rifle,

Colorado.  The rig located at the site was owned by defendant Key Energy Services, Inc.  At that

time, Ballard Petroleum was a wholly owned subsidiary of AEC Oil & Gas ("AEC"), and AEC

also had employees working at the site.

Mr. Jenne sent Mr. McCarley to the job.  On September 15, 2001, Mr. McCarley was

setting the packer device when a valve disengaged from the rig above him and struck him on the

head.  He was taken to the hospital where he died.  Mrs. McCarley, the widow, and Jessica

McCarley, Mr. McCarley's child from a previous marriage, received workers' compensation

benefits from Baker Oil under Utah's workers' compensation system.

Mrs. McCarley and the decedent's children from a previous marriage, Rex Allen McCarley

and Jessica McCarley, brought this wrongful death action.  At the time of Mr. McCarley's death

Mrs. McCarley and Rex Allen McCarley resided in Utah.  Jessica McCarley resided in Oklahoma.

Although the defendant corporations were incorporated and had their principal place of business

in states other than Utah or Colorado they were all authorized to do business and were doing

business in Colorado at the time of the incident.

Utah's conflicts of law rules apply as this case was transferred from Utah based on *forum*

*non conveniens*.  Utah applies the "most significant relationship" test set forth in the Restatement

(Second) of Conflict of Laws.  *Waddoups v. Amalgamated Sugar Co.,* 54 P.3d 1054, 1059 (Utah

2002).   Under Section 145 of the Restatement, the following factors are considered: (a) the place

where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the

domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered.  The contacts are to be evaluated in accordance with their relative importance with respect to the particular issue. *Waddoups v. Amalgamated Sugar Co., supra* at 1060.  The principles under Section 6 of the Restatement are also taken into account:

> (a) the needs of the interstate and international systems,
>
> (b) the relevant policies of the forum,
>
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>
> (d) the protection of justified expectations,
>
> (e) the basic policies underlying the particular field of law,
>
> (f) certainty, predictability and uniformity of result, and
>
> (g) ease in the determination and application of the law to be applied.

Under the test adopted by the Utah courts, Colorado law applies to the plaintiffs' claims as it is the state with the most significant relationship to the occurrence and the parties.  The injury to Mr. McCarley occurred in Colorado, the conduct which allegedly caused his injury occurred in Colorado, although two of the three plaintiffs were domiciled in Utah at the time of Mr. McCarley's death all defendants are authorized to do business and were doing business in Colorado at that time, and Colorado was where the parties' relationship was centered.

Under the facts of this case, Utah's interest in this case is outweighed by Colorado's significant policy consideration in limiting damages.  Those considerations are articulated in C.R.S. § 13-21-102.5(1):  "The general assembly finds, determines, and declares that awards in

civil actions for noneconomic losses or injuries often unduly burden the economic, commercial, and personal welfare of persons in this state." Limiting the recovery of certain damages is necessary "for the protection of the public peace, health, and welfare." *Id.* Those limitations, with additional conditions, are incorporated into Colorado's wrongful death statute. C.R.S. § 13-21-103. As recognized by the court in *Shields v. Montezuma County Hosp. Dist.,* 1989 WL 110772 (D.Colo. 1989), wrongful death actions are purely creatures of statute so terms of recovery should be determined exclusively from the terms of the statute.

Colorado's workers' compensation laws are also applicable to the determination of whether AEC is a statutory employer but there are disputed issues of material fact as to whether AEC falls within the provisions of C.R.S. § 8-41-401. It is therefore

ORDERED that the defendants' motion for partial summary judgment is granted on the issue of choice of law and Colorado law will be applied as to all aspects of the plaintiffs' claims. The plaintiffs' motion for partial summary judgment on the same issue is denied. It is further

ORDERED that defendant AEC Oil & GAS (USA), Inc.'s motion for summary judgment on the issue of whether it is a statutory employer under Colorado law is denied.


DATED: <u>December 14, 2005</u>


                                           BY THE COURT:

                                           s/Richard P. Matsch

                                           _____

                                           Richard P. Matsch, Senior District Judge